# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LACI N. BLANCHARD**<br>**Individually, and as next friend**<br>**of W.B, the surviving minor child**<br>**of Ronnie P. Blanchard, Jr.** | **CA: 24-534**<br><br>**JUDGE:** |
| vs. | |
| **SBS ENERGY SERVICES, LLC &**<br>**KINSALE INSURANCE COMPANY** | **MAG. JUDGE:** |

## NOTICE OF REMOVAL

Now into court, through undersigned counsel, appears SBS Energy Services, LLC, and submits this notice of removal pursuant to 28 USC 1441, with full reservation of rights and defenses. In support of removal, SBS asserts as follows:

1.

SBS has been named a defendant in that action entitled Laci Blanchard vs. SBS Energy Services, LLC, et al, filed in the 19th Judicial District Court, East Baton Rouge Parish, docket number C43798. Kinsale Insurance Company is also a named defendant in that action. No other parties have been named.

2.

The citation and petition for damages addressed to SBS Energy Services, LLC, as well as the Interrogatories, Requests for Production, and Requests for Admission to SBS Energy Services, LLC, constitute all documents served upon SBS Energy Services, LLC. (See, attachment 1, for all state court documents.)

3.

SBS received service of these documents on February 14, 2024. Kinsale, the only other defendant, has not yet been served but nevertheless consents to removal of this action from state to federal court.

4.

This case has a history that predates the filing of suit in EBR Parish. On July 21, 2022, Houston attorneys Arnold & Itkin initially filed suit against Sanare Energy Partners, LLC in Harris County, Texas, seeking to recover damages on behalf of Mrs. Blanchard for the death of Ronnie Blanchard, Jr. (See, attachment 2.) Sanare removed the state court action to the Southern District of Texas, asserting that the Outer Continental Shelf Lands Act governs the case. (See, attachment 3.)

5.

Plaintiff did not challenge removal. The case is pending in the Southern District of Texas to this day. On August 16, 2022, Plaintiff filed an amended complaint that added SBS Energy Services, LLC as a defendant. (See, R. 11 – to avoid burdening this court with too much documentation from another proceeding, we will resort to record citations for the time being.) SBS objected to personal jurisdiction because the case arose from an accident off the coast of southeast Louisiana and the court lacked both general and specific jurisdiction as to SBS. (R. 34) In response, Plaintiff voluntarily dismissed the claim against SBS without prejudice. (R. 36)

6.

Rather than agree to transfer the entire case to the proper venue of the Eastern District of Louisiana, where all parties are amenable to suit, where the plaintiff herself resides, and the accident occurred off the coast of this district, nowhere near Texas, the

Houston attorneys for Laci Blanchard, Arnold & Itkin, have chosen to maintain the suit against Sanare and AllCoast in the Southern District, while splintering the litigation and filing a state court suit in EBR Parish against SBS and its liability insurer, Kinsale.

7.

The lawsuit filed by Arnold & Itkin in EBR acknowledges that Laci Blanchard is a Louisiana resident. The suit alleges that Ronnie Blanchard, Jr. was a Jones Act seaman assigned to the LB Swordfish, a liftboat owned and/or operated by AllCoast, also a defendant in the Southern District of Texas case. The suit alleges that Blanchard performed a substantial amount of work on the LB Swordfish. However, the suit acknowledges that Mr. Blanchard was not on the Swordfish at the time of the accident but rather on an "offshore worksite" owned and/or operated by Sanare Energy Partners, LP, (also a defendant in the ongoing Southern District of Texas action). Although the Jones Act is invoked, the petition also pleads in the alternative for relief under Louisiana state tort law, specifically Louisiana Civil Code Articles 2315.1 and 2315.2. (See, attachment 1, the EBR Parish lawsuit).

8.

A Jones Act claim filed in state court is generally not removable. 28 USC 1445(a). However, when a Jones Act claim is fraudulently pled, the case may be removed. Lackey v. Atlantic Richfield Company, 990 F.2d 202 (5th. Cir. 1993); Hufnagel v. Omega Services Industries, Inc., 182 F3d 340 (5th Cir. 1999); Teaver v. SeaTrax of Louisiana, Inc., 434 Fed. Appx. 307 (5th Cir. 2011).

9.

SBS asserts that the seaman status claim is baseless and that this claim is properly governed by the Outer Continental Shelf Lands Act. First, Plaintiff has essentially

accepted this position already and is proceeding in the Southern District of Texas pursuant to federal question jurisdiction over Sanare under the OCSLA. Second, the unsworn declaration of Richard Coleman, submitted by Sanare in support of removal, and attached herein in support of this removal, makes it clear that the accident occurred on the Outer Continental Shelf. (See, attachment 4, the unsworn declaration of Robert Coleman.) The declaration of Mr. Coleman also makes it clear that Sanare hired SBS, not the liftboat company, and that Sanare hired the liftboat company, AllCoast. Sanare contracted with SBS for the installation of a hydraulic workover unit and contract with AllCoast to provide a liftboat in support of the installation. (See, attachment 4).

10.

The Sanare Notice of Removal supports the position of SBS that the decedent was not a Jones Act seaman. At page 5 of the Notice, paragraph 13, Sanare states as follows:

*At the time of the alleged incident, Decedent was employed and working as an operator for SBS Energy Services LLC. Upon information and belief, Decedent's job duties as an operator related solely to the Well and/or its installation of the HWOU. The installation of the HWOU was for the purposes of servicing the Well at issue. Upon further information and belief, Decedent was not a member of the AllCoast lift boat crew. Accordingly, Decedent's employment with SBS Energy Services LLC and the job duties he was performing at the time of incident furthered mineral development on the Outer Continental Shelf.*

11.

In further support of Removal, SBS Energy Services, LLC offers the testimony of its founder and President, Robert Bray, Jr. He has personal

knowledge of Mr. Blanchard's work assignments and personal knowledge of the job in progress at the time of the accident. After a break in employment of approximately six months, Mr. Blanchard returned to work for SBS Energy Services and had only been on the job for a third day when this accident happened. He had no allegiance whatsoever to the AllCoast liftboat and had no duties aboard the liftboat. To the extent he did any work on the liftboat, it was incidental to and a minor part of the overall work that was in progress, which was to install the hydraulic workover unit on the Sanare fixed wellhead structure. (See, attachment 5, Unsworn Declaration of Robert Bray, Jr.).

12.

In further support of Removal, SBS Energy Services, LLC offers the Unsworn Declaration of Steven LeBlanc. He is the Maritime Claims Manager overseeing this claim on behalf of American Interstate Insurance Company, insurer of SBS at the time of the accident, providing coverage for OSCLA claims, LHWCA claims and seaman claims. He personally investigated Mr. Blanchard's work history, determined that he was not a seaman and that the OCSLA governed the claim. Accordingly, AIIC has paid and continues to pay LHWCA death benefits to Mrs. Blanchard and her minor child, totaling $121, 014.21 from date of accident (March 25, 2022) to the present date. (See, attachment 6, Unsworn Declaration of Steven LeBlanc.)

13.

Accordingly, the allegation of seaman status is baseless, and this case is properly removed pursuant to the Outer Continental Shelf Lands Act. Mr. Blanchard was not a seaman under prevailing jurisprudence but rather a platform

worker with no allegiance to any vessel and, at best, only incidental and minor work aboard a vessel that did not rise to 30% of his work time for the just over two days that he worked prior to the accident. In addition, the accident itself had no relation to the vessel and occurred when the unit attached to the Sanare structure collapsed into the Gulf, as Plaintiff's own pleadings allege. In the similar cases of Hufnagel, supra, and Teaver, supra, the courts pierced the pleadings to find that removal was proper because seaman status had been improperly asserted on behalf of platform workers on the OCS, thereby triggering the OSCLA and hence federal question jurisdiction. This action, therefore, may be removed pursuant to 28 USC 1441(b), without regard to citizenship or residence of the parties, and regardless of plaintiff's assertion of alternative state law claims along with the Jones Act claim.

14.

This Notice of Removal is timely, in that SBS Energy Services, LLC received service upon its agent for service of process on February 21, 2024, and therefore the statutory time for removal has not expired.

WHEREFORE, defendant, SBS Energy Services, LLC respectfully requests that this Notice be deemed good and sufficient, and that the action entitled Laci Blanchard vs. SBS Energy Services, LLC, et al, filed in the 19th Judicial District Court, East Baton Rouge Parish, docket number C43798, is hereby removed to the docket of this Honorable Court.

Respectfully submitted:

/s/ Henry H. LeBas
HENRY H. LeBAS (23185)
TODD A. DELCAMBRE (23710)
LeBas Law Offices, APLC
2 Flagg Place, Suite 1
Lafayette, LA. 70508
Telephone: (337) 236-5500
Facsimile: (337) 236-5590
hlebas@lebaslaw.com
todddelcambre@lebaslaw.com
Attorneys for SBS Energy Services, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading was served upon all known counsel of record via electronic transmission.

New Orleans, Louisiana on this 1st day of March, 2024.

/s/ Henry H. LeBas
HENRY H. LeBAS