Case 4:24-cv-02534 Document 12-7 Filed on 07/12/2016 in TXSD Page 1 of 9

6/2/2022 3:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65077294
By: Carolina Salgado
Filed: 6/2/2022 3:15 PM

Cause No. _____

| | | |
|---|---|---|
| **Laci N. Blanchard, individually and as next friend of W. B., the surviving minor child of Ronnie P. Blanchard, Jr.** § § § § | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § § | |
| v. | § § | **HARRIS COUNTY, TEXAS** |
| **Sanare Energy Partners LLC** | § § § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

# PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, Plaintiff, Laci N. Blanchard, individually, as next friend of W. B., the surviving minor child of Ronnie P. Blanchard, Jr., and as representative of the estate of Ronnie P. Blanchard, Jr., deceased ("Plaintiff") and files this Original Petition against Defendant, Sanare Energy Partners LLC ("Defendant" or "Sanare Energy"), and in support thereof, would respectfully show the Court as follows:

## I. INTRODUCTION & RULE 47 STATEMENT

This is a wrongful death and survival action brought by the surviving spouse of Ronnie P. Blanchard, Jr., who perished at sea in a tragic work-related incident. In accordance with TEX. R. CIV. P 47, Plaintiff states that she seeks by this suit to recover monetary relief in excess of $1,000,000.00.

## II. DISCOVERY LEVEL

Plaintiff requests that discovery in this case be conducted pursuant to a Level 3 discovery control plan under and requests the Court order that discovery be conducted in accordance with a discovery control plan tailored to the specific circumstances of this suit.

### III. JURISDICTION AND VENUE

1. The District Courts of Harris County, Texas have jurisdiction over this case. The amount in controversy exceeds the minimal jurisdictional limits of this Court, and the exercise of the Court's jurisdiction of the Defendant is proper. Further, this Court has jurisdiction under the "Saving to Suitors" clause 28 U.S.C. § 1333.

2. Venue is proper in Harris County pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3) because the Defendant, Sanare Energy Partners LLC's principal office is located in Harris County.

### IV. PARTIES

3. Plaintiff Laci N. Blanchard is a Louisiana resident. This suit is brought by Plaintiff in her individual capacity, as next friend of Ronnie P. Blanchard's daughter W.B. and as Ronnie P. Blanchard's legal representative. Plaintiff Laci N. Blanchard is the mother of W.B. In each capacity heretofore stated, Plaintiff Laci N. Blanchard is entitled to bring this wrongful death and survival action under TEX. CIV. PRAC. & REM. CODE § 71.021.

4. Defendant, Sanare Energy Partners LLC, is a limited liability company formed under the laws of the State of Delaware. Sanare Energy Partners LLC does substantial business in the State of Texas and its principal offices are located in Harris County, Texas. Sanare Energy Partners LLC may be served with process through its registered agent Corporation Service Company DBA CSC – LAW at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### V. SUMMARY OF FACTS

5. On or about March 25, 2022, Ronnie P. Blanchard, Jr. was employed by SBS Energy Services LLC ("SBS") and was fatally injured while working at an offshore location owned and/or operated by Sanare Energy while a blowout preventer and pipe jack assembly

weighing approximately 120,000 pounds collapsed and toppled as it was being erected on a caisson in the Gulf of Mexico. Blanchard was attached to the assembly at the time it collapsed and, as a result, was dragged and trapped below the surface of the water. It was not until days later that search and rescue divers were able to locate and recover Blanchard's body from beneath the waters of the Gulf of Mexico.

## VI. CAUSES OF ACTION

*Negligence and Gross Negligence Claims*

6. Plaintiff repeats and realleges each allegation set forth above.

7. Plaintiff sustained injuries because of Defendant's negligence and gross negligence when Defendant:

   a. failed to properly train its employees;

   b. failed to properly supervise its employees;

   c. failed to properly monitor the work area;

   d. failed to properly supervise work being performed;

   e. failure to implement adequate training policies and procedures;

   f. failed to maintain a safe work environment;

   g. failed to properly provide adequate equipment;

   h. failed to conduct adequate maintenance;

   i. failed to properly engineer, design and construct the facilities and/or equipment involved in the incident;

   j. failed to properly supervise the setup of the equipment;

   k. failed to provide proper instruction for use of the equipment;

   l. failed to properly inspect the premises;

   m. failed to detect that the equipment in question was inadequate and not fit for use;

    n. failed to provide adequate warning of the dangerous condition;

    o. failed to inform Ronnie P. Blanchard, Jr. of the defective nature of the condition;

    p. failed to implement adequate safety planning, policies and procedures;

    q. failed to ensure its safety systems were adequate and functional;

    r. failed to properly train its safety personnel to prevent misuse and/or failure of equipment such as happened in the incident underlying this suit;

    s. failed to implement adequate rescue planning, policies and procedures;

    t. failed to conduct adequate rescue operations;

    u. failed to provide adequate medical treatment;

    v. violated their own safety rules and regulations;

    w. violated applicable United States Coast Guard, OSHA, BSEE rules, and/or other applicable rules and regulations;

    x. vicarious liability for its employees' negligence and gross negligence; and

    y. other acts deemed negligent and grossly negligent.

8. Defendant owed Ronnie P. Blanchard, Jr. a legal duty of the foregoing.

9. Defendant breached these duties, and as a direct and proximate result of Defendant's breaches of duty caused Ronnie P. Blanchard, Jr. to suffer serious bodily injury and death. As a result of Defendant's negligence and gross negligence, Ronnie P. Blanchard, Jr. sustained damages in the nature of suffering, mental pain and anguish; loss of enjoyment of life; and loss of society and companionship.

10. Further, Defendant is liable for its grossly negligent conduct. Defendant's actions and/or omissions, which viewed objectively, exposed Plaintiff to an extreme degree of risk with no regard for the probability and magnitude of the potential harm. Defendant also had actual, subjective awareness of the risk involved, yet chose to proceed in conscious indifference to the rights, safety, and welfare of Ronnie P. Blanchard, Jr. Thus, Plaintiff is

entitled to exemplary damages against Defendant.

*Premises Liability*

11. Plaintiff repeats and realleges each allegation set forth above.

12. Defendant owned, occupied and/or controlled the area where Ronnie P. Blanchard, Jr. was fatally injured. The condition of the area where Ronnie P. Blanchard, Jr. was fatally injured posed an unreasonable risk of harm and Defendant had actual knowledge or reasonably should have known of the unreasonably dangerous condition.

13. Ronnie P. Blanchard, Jr. was an invitee who entered Defendant's premises with Defendant's knowledge and for Defendant's benefit. Defendant had a duty to either warn Ronnie P. Blanchard, Jr. of this unreasonably dangerous condition or to make the unreasonably dangerous condition reasonably safe. Defendant breached this duty by failing to warn Ronnie P. Blanchard, Jr. of this known unreasonably dangerous condition and by failing to make the unreasonably dangerous condition reasonably safe. Defendant's breach proximately caused Plaintiff's injuries.

*Wrongful Death Claim*

14. Plaintiff repeats and realleges each allegation set forth above.

15. Plaintiff seeks to recover the damages available to her under TEX. CIV. PRAC. & REM. CODE § 71.002. As the surviving spouse of Ronnie P. Blanchard, Jr., Plaintiff is a statutory beneficiary entitled to bring this wrongful death action under TEX. CIV. PRAC. & REM. CODE § 71.004.

16. As next friend of Minor W.B., Plaintiff seeks to recover the damages available to W.B. under TEX. CIV. PRAC. & REM. CODE § 71.002. As the surviving child of Ronnie P. Blanchard, Jr., W.B. is a statutory beneficiary entitled to bring this wrongful death action

under TEX. CIV. PRAC. & REM. CODE § 71.004.

17. As the result of Defendant's negligence and gross negligence, Ronnie P. Blanchard suffered severe physical injuries that ultimately led to his death. The Defendant had the above-referenced duties. Defendant breached those duties and Defendant's breaches were the cause in fact and the proximate cause of Ronnie P. Blanchard, Jr.'s death.

18. W.B. suffered pecuniary loss from the death of her father, Ronnie P. Blanchard, Jr., including losses of care, maintenance, support, services, advice, counsel and contributions of a pecuniary value that she would, in reasonable probability, have received from her father during his lifetime had he lived. She has suffered additional losses by virtue of the destruction of the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support and happiness. She is reasonably certain to suffer severe mental depression and anguish, grief and sorrow as the result of the death of her father, Ronnie P. Blanchard, Jr., for a long time in the future if not the rest of her life. For these losses, Plaintiff, as the next friend of minor W.B., seeks damages for the wrongful death of Ronnie P. Blanchard, Jr. in a sum within the jurisdictional limits of the Court.

19. Plaintiff, Laci N. Blanchard, suffered pecuniary loss from the death of her husband, Ronnie P. Blanchard, Jr., including losses of care, maintenance, support, services, advice, counsel and contributions of a pecuniary value that she would, in reasonable probability, have received from her husband during his lifetime had he lived. She has suffered additional losses by virtue of the destruction of the spousal relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support and happiness. She has suffered severe mental depression and anguish, grief and sorrow as the result of the death of her husband, Ronnie P. Blanchard, Jr., and is likely to continue to suffer for a long

time in the future if not the rest of her life. For these losses, Plaintiff, in her own right, seeks damages for the wrongful death of Ronnie P. Blanchard, Jr. in a sum within the jurisdictional limits of the Court.

20. Furthermore, Defendant's actions were done with reckless disregard to a substantial risk of severe bodily injury and death. Therefore, Plaintiff, as next friend of W.B. and in her own right, is entitled to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 71.009.

*Survival Claim*

21. Plaintiff repeats and realleges each allegation set forth above.

22. Plaintiff seeks to recover the damages for the survival action she is entitled to bring under TEX. CIV. PRAC. & REM. CODE § 71.021. As the result of Defendant's negligence and gross negligence, Ronnie P. Blanchard, Jr. suffered severe physical injuries that ultimately led to his death. The Defendant had the above-referenced duties. Defendant breached those duties and Defendant's breaches were the cause in fact and the proximate cause of Ronnie P. Blanchard, Jr.'s death. Furthermore, Defendant's actions were done with reckless disregard to a substantial risk of severe bodily injury and death. As such, Plaintiff is entitled to exemplary damages on behalf of the estate of Ronnie P. Blanchard, Jr. and as Ronnie P. Blanchard, Jr.'s minor child under TEX. CIV. PRAC. & REM. CODE § 71.021.

### VII. DAMAGES

23. As a result of said occurrences, Ronnie P. Blanchard, Jr. suffered severe injuries to his body that resulted in his death and also in physical pain and mental anguish prior to his death.

24. Plaintiff, as the next friend of W.B. and in her own right, is entitled to recover

damages for the wrongful death action both Plaintiff and W.B. are entitled to bring under TEX. CIV. PRAC. & REM. CODE § 71.002.

25. Plaintiff is entitled to recover the damages for the survival action she is entitled to bring under TEX. CIV. PRAC. & REM. CODE § 71.021.

26. Plaintiff is also entitled to punitive damages against Defendant because the aforementioned actions of Defendant were grossly negligent. Ronnie P. Blanchard, Jr.'s injuries were caused by the malicious, willful, reckless or wanton acts of Defendant, or alternatively the gross negligence of Defendant's employees, agents or representatives.

27. Plaintiff seeks monetary relief within the jurisdictional limits of this Court and prays for relief and judgment, as follows:

- Compensatory damages against Defendant;
- Actual damages;
- Consequential damages;
- Pain and suffering;
- Exemplary damages;
- Past and future mental anguish;
- Past and future impairment;
- Disfigurement and past and future disfigurement;
- Interest on damages (pre- and post-judgment) in accordance with the law;
- Plaintiffs' reasonable attorney attorney's fees;
- Costs of court;
- Expert witness fees;
- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

## VIII. JURY DEMAND

28. Plaintiff hereby requests a trial by jury on all claims and submits the jury fee herewith.

## IX. RULE 193.7 NOTICE

29. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by any party in this case may be used by Plaintiff at any pretrial proceeding or at the trial of this cause of action.

## X. PRAYER

Plaintiff prays that citation issue and be served to Defendant in a form and manner prescribed by law, requiring them to appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant, in a total sum in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest, all costs of court, attorneys' fees, punitive damages and all such other and further relief to which Plaintiff may show herself entitled.

Respectfully submitted,

DRENNAN LANGDON & FIDEL, LLP
1001 Main St., Ste. 706
Lubbock, Texas 79401
Tel. (806) 853-8338

By: */s/ Joe Drennan*
    Joe Drennan
    Texas Bar No. 24080652
    joe@DLFlawfirm.com
    Wendell H. Langdon, III
    Texas Bar No. 24080115
    wlangdon@DLFlawfirm.com

**ATTORNEYS FOR PLAINTIFF**