IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LACI N. BLANCHARD, Individually, and as next friend of W.B., Surviving minor child of RONNIE P. BLANCHARD, JR.<br><br>*Plaintiffs*<br><br>v.<br><br>SANARE ENERGY PARTNERS LLC<br><br>*Defendant.* | Civil Action No. 22-cv-2420 |

## **DEFENDANT SANARE ENERGY PARTNERS LLC'S NOTICE OF REMOVAL**

To the Honorable U.S. District Judge:

Defendant Sanare Energy Partners LLC respectfully submits its Notice of Removal.

### I. **INTRODUCTION AND RELEVANT FACTS**

1. This is a maritime case involving fatal personal injuries sustained during an offshore accident. *See* Pl.'s Orig. Pet. ¶ 5. Plaintiff Laci N. Blanchard ("Blanchard") is the alleged surviving spouse of the decedent Ronnie P. Blanchard, Jr. ("Decedent"). *See id*. ¶ 3. Blanchard also asserts claims on behalf of Decedent's surviving minor daughter W.B. *See id*.

2. Blanchard claims that on March 25, 2022, Decedent was employed by SBS Energy Services LLC (a non-party) and working at an unidentified offshore location allegedly owned and/or operated by Defendant. *See id*. ¶ 5. On that date, Blanchard claims Decedent was working on or around a 120,000 pound blowout preventer and pipe jack assembly which was being erected at the offshore location in the Gulf of Mexico when it collapsed. *See id*. Blanchard also claims Decedent was "attached" to the blowout preventer and pipe jack assembly when it collapsed into the ocean thereby trapping Decedent underwater. *See id*.

3.      Defendant maintains Decedent was employed as an operator with SBS Energy Services LLC and assigned to work aboard the LB SWORDFISH. *See* R. Coleman Decl. ¶ 10. The LB SWORDFISH is a lift boat owned and operated by non-party All Coast, LLC ("All Coast"), which was provided to the project at the offshore location pursuant to All Coast's contract with Defendant. *See id*. ¶ 9.

4.      Defendant also contracted with SBS for the installation of a hydraulic workover unit ("HWOU") on Well No. 19, a single caisson[1] well located in Main Pass Field 64 of the Gulf of Mexico (the "Well"). The Well is affixed to the Outer Continental Shelf on lease No. OCS-G 4909. *See id*. ¶ 5. SBS Energy Services LLC employees resided on the LB SWORDFISH and used the cranes onboard that vessel to assist with moving, constructing, and physically placing/installing the HWOU on the Well. *See id*. ¶ 10.

5.      The HWOU was placed on the Well for the purposes of conducting workover operations, which involved removing the tubing in the Well and replacing it with new tubing. *See id*. ¶¶ 7–8. The tubing being replaced is used to physically extract oil from the OCS. *See id*. ¶ 7.

6.      Blanchard has asserted wrongful death and survival claims against Defendant based on theories of negligence, premises liability, and gross negligence. *See id*. § VI. Through her claims in this lawsuit Blanchard seeks a variety of damages in her individual capacity as well as on behalf of W.B. *See id*. § VII.

---

[1]      In geotechnical engineering, a "caisson" is a watertight retaining structure used, for example, to work on the foundations of a bridge pier, for the construction of a concrete dam, for the repair of ships, or in a variety of applications on offshore production platforms and vessels.

## II. THE PARTIES

7. Blanchard is a natural person and claims to be a resident of Louisiana. *See* Pl.'s Orig. Pet. ¶ 3. Defendant Sanare Energy Partners LLC is a limited liability company formed under the laws of Delaware with a principal place of business in Houston, Texas.

## III. BASIS FOR REMOVAL

### A. This Court has original jurisdiction pursuant to the Outer Continental Shelf Lands Act.

8. This Court has original jurisdiction over this civil action based on federal question jurisdiction pursuant to the Outer Continental Shelf Lands Act ("OCSLA"). *See* 28 U.S.C. §1441; *see also* 43 U.S.C. § 1331, *et seq*; *Barker v. Hercules Offshore, Inc.,* 713 F. 3d 208, 220–21 (5th Cir. 2013). This Court retains original jurisdiction regardless of (1) whether federal, state, or maritime law provides the substantive rule of decision in the case, and (2) the citizenship of the parties. *See Barker,* 713 F. 3d at 220–22. Because OCSLA expressly confers jurisdiction on the federal district courts, "[a] plaintiff does not need to expressly invoke OCSLA in order for it to apply." *See Matte v. Mobil Expl. & Producing N. Am. Inc.*, No. 18-7446, 2018 WL 5023729, at *4 (E.D. La. Oct. 17, 2018) (*citing Barker*, 713 F.3d at 220; *see also Roy v. Ardent Companies, Inc.*, 2015 WL 4135781, at *3 (M.D. La. July 8, 2015).

9. The U.S. Court of Appeals for the Fifth Circuit has consistently interpreted OCSLA's jurisdictional grant broadly utilizing the "but-for" test in order to determine if a cause of action arises under OCSLA. *Lopez v. McDermott, Inc.*, Civ. A. No. 17-8977, 2018 WL 525851, at 2 (E.D. La. Jan. 24, 2018). Specifically, the "but-for" test asks whether: (1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the Outer Continental Shelf; and (3) the plaintiff's injury would not have occurred but for his employment. *See Barker*, 713 F.3d at 220-22 (*citing Demette v. Falcon Drilling Co.*,

3

280 F.3d 492, 496 (5th Cir. 2002); *Recar v. CNG Producing Co.*, 853 F.2d 367, 369 (5th Cir. 1988)); *see also Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 350 (5th Cir. 1999). The pertinent facts in this case easily meet the requisite test.

10. It is tautological that a plaintiff's tort claim must arise from operations involving the exploration, development, or production of minerals on the Outer Continental Shelf for OCSLA jurisdiction to exist. *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996). Operations involving the exploration, development, or production of minerals on the OCS "denote respectively the processes involved in searching for minerals on the OCS; preparing to extract them by, *inter alia,* drilling wells and constructing platforms; and removing the minerals and transferring them to shore." *See id*. Additionally, the terms "exploration," "development," and "production," are defined broadly "to encompass the full range of oil and gas activity from locating mineral resources through the construction, operation, servicing and maintenance of facilities to produce those resources." *See EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 568 (5th Cir. 1994). While the term "operation" is not defined under OCSLA, the U.S. Court of Appeals for the Fifth Circuit has defined "operation" to mean the doing of some physical act on the Outer Continental Shelf. *Tenn. Gas Pipeline*, 87 F.3d at 154; *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1207 (5th Cir. 1988).

11. "Development" is defined under OCSLA as "those activities which take place following discovery of minerals in paying quantities, including geophysical activity, drilling, platform construction, and operation of all onshore support facilities, and which are for the purpose of ultimately producing the minerals discovered." 43 U.S.C. § 1331(l). Plug and abandonment work has been held to involve the drilling and production of oil and gas. *See In re Crescent Energy Services LLC*, 896 F.3d 350 (5th Cir 2018).

4

> i. *Incident making the basis of Plaintiff's claims occurred on the Outer Continental Shelf.*

12. The alleged incident involving Decedent occurred on the HWOU, which had been installed on top of the caisson. *See* R. Coleman Decl. ¶¶ 3, 5, 7, 12. The caisson at issue is located in Main Pass Field 64 of the Gulf of Mexico and is permanently affixed to the Outer Continental Shelf at lease No. OCS-G 4909. *See id*. ¶¶ 3, 5. Additionally, the LB SWORDFISH, to which Decedent was allegedly assigned, was temporarily affixed to the Outer Continental Shelf at the time of the alleged incident. *See id*. ¶¶ 9–11. Thus, the incident at issue occurred on the Outer Continental Shelf, thereby satisfying the first prong of the "but-for" test.

> ii. *Decedent's employment furthered mineral development on the Outer Continental Shelf.*

13. At the time of the alleged incident, Decedent was employed and working as an operator for SBS Energy Services LLC. Upon information and belief, Decedent's job duties as an operator related solely to the Well and/or installation of the HWOU. The installation of the HWOU was for the purposes of servicing the Well at issue. Upon further information and belief, Decedent was not a member of the All Coast lift boat crew. Accordingly, Decedent's employment with SBS Energy Services LLC and the job duties he was performing at the time of incident furthered mineral development on the Outer Continental Shelf. The second prong of the "but-for" test is met.

> iii. *Decedent's injury would not have occurred but for his employment on the Outer Continental Shelf.*

14. Decedent's injuries made the basis of this lawsuit would not have occurred, but for his employment furthering mineral development on the Outer Continental Shelf. SBS Energy Services LLC's installation of the HWOU and Decedent's job duties in connection with that job materially assisted in the exploration and production of oil and gas on the Outer Continental Shelf. *See id*. ¶¶ 6–7. Indeed, had Decedent not been assigned to this job, then he likely would never

5

have been on the caisson at issue at the time of the alleged incident.[2] The third prong of the "but-for" test is met.

15. Under 28 U.S.C. § 1441, any state court civil action over which the federal court would have original jurisdiction may be removed from state to federal court. 28 U.S.C. §1441(a). Therefore, removal of this case is proper because Blanchard's claims fall under OCSLA, which confers original jurisdiction upon this Court.

**B. Removal is timely and venue is proper.**

16. Defendant was served with Blanchard's Original Petition on June 21, 2022, which was Defendant's first notice and receipt of the suit. This Notice of Removal has been filed within thirty (30) days of the receipt of the Original Petition so removal is timely. 28 U.S.C. §1446(b).

17. Venue is proper in the United States District Court for the Southern District of Texas because it is the federal judicial district in which the state court action is pending. *See* 28 U.S.C. §1441(a).

**IV. ATTACHED DOCUMENTS AND NOTICE TO STATE COURT**

18. All documents required under the removal statutes and the Local Rules are attached. Defendant will promptly file a copy of this Notice of Removal and its attachments with the clerk of the state court where the action has been pending.

[signature block on the following page]

---

[2] *See Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013) ("[I]t is clear that but for his employment, Barker would not have been involved in the incident forming the basis of this suit*."); Hubbard v. Laborde Marine LLC*, 2014 WL 12776414 (E.D. La. 2014) ("Plaintiff would not have been aboard the M/V RIG RUNNER but-for the extraction of minerals from the OCS. Accordingly, his injuries are sufficiently related to the operations on the OCS for this Court to exercise jurisdiction").

6

Respectfully submitted,

*/s/ Robert R. Johnston*
Robert R. Johnston, T.A. (#22442) (*pro hac vice forthcoming*)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Robert.Johnston@pjgglaw.com

**Attorney-in-Charge for Defendant Sanare Energy Partners LLC**

**OF COUNSEL:**

**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**

Constance C. Waguespack (#36416)
(*pro hac vice forthcoming*)
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Constance.Waguespack@pjgglaw.com

*and*

7

HALL MAINES LUGRIN, P.C.

M. Matt Jett
Texas Bar No. 24068684
S.D. Tex. No. 1091711
mjett@hallmaineslugrin.com
Robert E. Freehill
Texas Bar No. 24069023
S.D. Tex. No. 1839921
Mitchell R. Austin
Texas Bar. No. 24116051
S.D. Tex. No. 3691079
maustin@hallmaineslugrin.com

Williams Tower, 64th Floor
2800 Post Oak Blvd.
Houston, Texas 77056-6125
Telephone: (713) 871-9000
Telecopier: (713) 871-8962

**ATTORNEYS FOR DEFENDANT
SANARE ENERGY PARTNERS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record U.S. Mail, return receipt requested, or through the Clerk of this Court on this 21st day of July, 2022.

    Joe Drennan
    Wendell H. Langdon, III
    DRENNAN LANGDON & FIDEL, LLP
    1001 Main St., Ste. 706
    Lubbock, Texas 79401
    Tel. (806) 853-8338
    joe@DLFlawfirm.com
    wlang_don@DLFlawfirm.com

    **Attorneys for Plaintiff**

                                  */s/ M. Matt Jett*
                                  M. Matt Jett