UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LACI N. BLANCHARD | * | CIVIL ACTION NO. 2:24-CV-534 |
| Individually, and as next friend of W.B., | * | |
| the surviving minor child of Ronnie P. | * | JUDGE: LANCE M. AFRICK |
| Blanchard, Jr. | * | |
| | * | SECTION: I |
| | * | |
| VERSUS | * | MAG. JUDGE: DONNA PHILLIPS |
| | * | CURRAULT |
| | * | |
| SBS ENERGY SERVICES, LLC & | * | MAG. DIV.: 2 |
| KINSALE INSURANCE COMPANY. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE
## UNDER RULE 41(A)(1)

Under Federal Rule of Procedure 41(a)(1), Plaintiff Laci Blanchard respectfully files this notice of voluntary dismissal *without prejudice* of her claims against SBS Energy Services, LLC, and Kinsale Insurance Company. Rule 41 provides that "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" FED. R. CIV. P. 41(a)(1)(A)(i).

This maritime case follows an offshore incident that occurred on March 22, 2022, where Decedent Ronnie Blanchard was killed when a piece of equipment he was attached to collapsed, dragging him into the ocean where he drowned. On June 2, 2022, Ms. Blanchard sued Sanare Energy Partners in Texas state court. Sanare removed the case to the Southern District of Texas where it is currently pending under Civil Action No. 4:22-cv-2420.

In August 2022, Ms. Blanchard amended her complaint in the Texas case adding Defendant SBS Energy Services, LLC. *See* (Doc. 11, Civ. A. No. 4:22-cv-2420). About two months later, SBS Energy filed a motion to dismiss or transfer. *See* (Doc. 24, Civ. A. No. 4:22-cv-2420). In the

1

motion, SBS Energy argued that a Texas court could not exercise jurisdiction over the company. Based on the local rules requiring pre-motion conferences for requests like the one made by SBS Energy, the court struck the motion. *See* (Doc. 25, Civ. A. No. 4:22-cv-2420). In response, SBS Energy filed a request for a pre-motion conference. *See* (Doc. 28, Civ. A. No. 4:22-cv-2420).

During the status conference on November 1, 2022, Magistrate Judge Andrew Edison ordered SBS Energy to provide jurisdictional discovery to Plaintiff and set deadlines for jurisdictional briefing. *See* (Minute Entry, Nov. 1, 2022, Civ. A. No. 4:22-cv-2420). SBS Energy renewed its motion to dismiss on November 11, 2022. *See* (Doc. 34, Civ. A. No. 4:22-cv-2420). In early December, Plaintiff filed a voluntary dismissal as to SBS Energy. *See* (Doc. 36, Civ. A. No. 4:22-cv-2420).

While the Texas case was still pending in Texas, Plaintiff filed a Louisiana state case against SBS Energy and Kinsale Insurance. On February 29th of this year, Sanare filed a third-party complaint against SBS Energy in the Texas case. *See* (Doc. 52, Civ. A. No. 4:22-cv-2420). On March 1st, Plaintiff amended her Texas complaint a second time filing claims once again against SBS Energy based on the new jurisdictional allegations brought by Sanare. *See* (Doc. 54, Civ. A. No. 4:22-cv-2420). That same day, SBS Energy improperly removed the Louisiana case to this Court. *See* (Doc. 2, Civ. A. No. 2:24-cv-00534). Plaintiff filed a motion to remand on March 22. *See* (Doc. 11, Civ. A. No. 2:24-cv-00534).

Prior to Plaintiff moving to remand this case, SBS Energy still contested the jurisdiction in the Southern District of Texas. But four days after Plaintiff moved to remand this case, SBS Energy then agreed to jurisdiction in Texas and answered the Texas case on March 26. *See* (Doc. 65, Civ. A. No. 4:22-cv-2420).

Now that SBS Energy has submitted to jurisdiction in Texas, this separate litigation is no longer necessary. Thus, to avoid duplicative litigation, Plaintiff files this notice of voluntary

2

dismissal to pursue the claims against SBS Energy with the rest of the litigation in this case in the Southern District of Texas.

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Defendants have not answered or filed motions for summary judgment here and will not suffer legal prejudice with the dismissal. Thus, it is in the best interests of the parties that the Court grant Plaintiff's request for voluntary dismissal *without prejudice* so she can pursue all her claims in the Southern District of Texas. The dismissal would render Kinsale's motion to dismiss (Doc. 5) and Plaintiff's motion to remand (Doc. 11) moot.

        Respectfully submitted,

        */s/ Roland Christensen*
        Roland Christensen (#37440)
        rchristensen@arnolditkin.com
        6009 Memorial Drive
        Houston, Texas 77007
        Tel: 713.222.3800
        Fax: 713.222.3850
        e-service@arnolditkin.com

        A.M. "Tony" Clayton (#21191)
        Michael P. Frugé (#26287)
        Richard J. Ward, III (#32267)
        Roland Christensen (#37440)
        3741 La. Highway 1 South
        Port Allen, Louisiana 70767
        Tel: 225.344.7000
        Fax: 225.383.7631

        Attorneys for Laci N. Blanchard, individually, and as next friend of W.B., the surviving spouse minor child of Ronnie P. Blanchard, Jr.

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system, which will send notification of electronic filing to all counsel of record on April 4, 2024.

                                          */s/ Roland Christensen*
                                          Roland Christensen